[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
By motion dated August 6, 1999 The New Haven Register and its Deputy City Editor (hereinafter referred to collectively as "Petitioner") moved to vacate or in the alternative to modify an order regarding pre-trial public statements which, petitioner claims, violates free speech and free press guarantees of both the federal and state constitutions. The order in question was entered by this court on July 22, 1999 and provides as follows:

CT Page 12540 Pursuant to Practice Book Section 42-48, no extrajudicial statements relating to this case or the issues in the case may be made for dissemination by any means of communication. This order applies to members of the New Haven State's Attorney's Office and Chief State's Attorneys Office; defense counsel; parties; known witnesses and their counsel.
Petitioner argues, among other things, that the order contains no appropriate factual findings or analysis; that the hearing on the motion for an order did not constitute an evidentiary hearing nor did the media have an opportunity to be heard. Furthermore, the petitioner argues, the court's order was overly broad and restrictive.
It should be noted at the outset that the original motion for an order regarding pre-trial public statements was filed by the state. The petitioner did not seek to intervene during the pendency of the motion nor at the time of the hearing, though petitioner was aware of the pendency of the motion. (See Court's Exh. 1). The defendant had no objection to the entry of such an order as long as it applied to the local state's attorney's office personnel as well as the Chief State's Attorney's office personnel (Tr., pp. 6-8). Additionally, the defendant requested that the order be expanded to include restraint on the public comments of "potential witnesses," an expansion this court was not willing to include (Tr., p. 7).
As a consequence of the above stated facts, the hearing on the state's motion was not an extensive one. Three exhibits were entered into evidence consisting of articles from The New Haven Register. These exhibits were in addition to the Register article which was the basis for the state's motion and appended to it. Though each party claimed the other responsible for inappropriate public comments, there was no dispute as to the underlying need for an order and, therefore, no specific preliminary findings by the court. The only substantive issue at the hearing was the scope of the order to be issued.
Petitioner subsequently filed its motion to intervene which was granted by the court and on September 8, 1999 petitioner was accorded its right to present additional evidence if it so desired and to be heard in argument. Additionally, the Register article entitled Grant case called `weak,' which was the subject of the state's original motion, was marked as Court's Exhibit 4. No additional evidence was offered, but all three parties were CT Page 12541 heard in argument.
As petitioner notes in its brief, the Concetta "Penny" Serra murder case "is perhaps the most notorious unsolved murder in New Haven history." According to The New Haven Register, by August 9, 1999 it had published more than a dozen articles on the case since the date of the arrest of June 24, 1999 (Court's Exh. 1). Petitioner correctly argues that a high level of pretrial publicity alone is not a basis for a court order restricting comment on the case. However, it is clear based on a review of the newspaper articles submitted at the hearings on the state's motion that continued coverage of a similar nature was reasonably likely to impair the right of the parties to a fair trial and that appropriate measures by this court were warranted. Sheppardv. Maxwell, 384 U.S. 333, 363 (1966). Most notable in this regard was the front page banner headlined article of July 10, 1999 entitled Grant case called `weak' (Court's Exh. 4) featuring the defense attorney's assessment, analysis and characterization of the state's case against his client, apparently in response to what the attorney perceived to be enormously onesided prior coverage potentially prejudicial to his client (Tr. p. 4.). Potentially prejudicial publicity of this nature, together with the state and defense each accusing the other of using the media for improper purposes, prompted this court to declare at the hearing that "enough was enough" and to issue its order (Tr., pp. 12-13).
Petitioner argues that the court must consider less restrictive alternatives before entering a "gag order," citing, among other cases, Nebraska Press Ass'n v. Stuart, 427 U.S. 539,565 (1976). Of course it is not the intention of this court to regulate the press but, rather, the extrajudicial comments of active participants in the case. Such regulation warrants a less demanding standard than regulation of the press, Gentile v. StateBar of Nevada, 501 U.S. 1030, 1074 (1990).
One alternative to the court's order suggested by petitioner is a change of venue. Apparently, petitioner believes that rather than impose any restraint on public comment that might prejudice this case, this court should order a change of venue or, at least, risk a change of venue at some later point, burdening another jurisdiction with this high profile case; removing the matter from the community most interested and most effected by the case; inconveniencing parties, witnesses, and the public; and risking the effects of prejudicial comment extending statewide, CT Page 12542 given the notoriety of this case. In fact, this court considers a change of venue as an unsatisfactory alternative to be entertained only if necessary to insure the fairness and integrity of the trial.
Other measures suggested by petitioner available at the time of trial, such as "a searching voir dire," and "emphatic jury instructions" might well, under the circumstances here, be too little too late given the massive amount of publicity that would be generated by the time of trial, and the probable prejudicial nature of the publicity as suggested by the articles of record. "Trial postponement" and "sequestration of jurors" are considered by this court as harsh measures; one, resulting in justice delayed, and the other, a tremendous burden on the jurors; hardly reasonable alternatives to a timely, properly tailored order by the court.
There is no question that an appropriate order would effectively remove the threatened danger to any subsequent trial. Since the date of issuance there has been no potentially prejudicial comments regarding the case though substantial coverage continues.
Thus, given the nature and extent of pretrial news coverage; the lack of other appropriate measures likely to mitigate the effects of unrestrained pretrial publicity; and the effectiveness of the restraining order issued, this court is satisfied that an order is appropriate under the circumstances here and, therefore, petitioner's motion to vacate is Denied. Connecticut Magazine v.Moraghan, 676 F. Sup. 38, 43 (D. Conn. 1987).
However, this court is also satisfied that the order of July 22 as drafted, which specifically tracks the language of Practice Book Section 42-48, does not adequately comply with the constitutional safeguards required for orders of this nature. This court must minimize the restrictive effect of any such order by proscribing only those communications that represent the danger sought to be avoided, Globe Newspaper Co. v. SuperiorCourt, 457 U.S. 596, 607 (1982). In this case, the order should prohibit only those statements that raise a "reasonable likelihood of prejudicial impact." Connecticut Magazine v.Moraghan, 676 F. Supp. at 43.
Furthermore, it would be inappropriate to extend any such modified order to witnesses, even "known witnesses" or witnesses CT Page 12543 actually subpoenaed or listed by the parties for trial or preliminary hearing. Aside from the unwieldy number of people that, potentially, could be affected by such an order, this court is concerned that the parties, as the state notes, would have unfettered discretion in determining who would be restrained by the order simply by issuing subpoenas or including such persons on their witness lists.
Accordingly, petitioner's alternative motion to modify isGranted, and the Order of the court is hereby modified as follows:
 Pursuant to Practice Book Section 42-48, in the matter of State of Connecticut v. Edward Grant, CR6-481390, the prosecuting authority, including the New Haven State's Attorney's Office and its agents and Chief State's Attorney's Office and its agents, and the defense, including the defendant, defense counsel and its agents, are hereby prohibited from making extrajudicial statements relating to the case or the issues of the case, that are intended for, or that a reasonable person would expect to be used for, public dissemination by any means of communication, and that raise a reasonable likelihood of material, prejudicial impact upon any subsequent trial of the case.
This modified order is effective immediately.
By The Court
Roland D. Fasano